HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IVAN GABRIEL ISLAS, | Case No. 2:25-cv-00231-RAJ |
| Plaintiff, | ORDER |
| v. | |
| SEATTLE POLICE DEPARTMENT, UNITED STATES ATTORNEY, DES MOINES POLICE DEPARTMENT, MARKO KOMLJENOVIC, EMANUEL JOHNSON, JR., | |
| Defendants. | |

## I.   INTRODUCTION

THIS MATTER comes before the Court on *sua sponte* review of Plaintiff Ivan Gabriel Islas's complaint, dkt. # 8, pursuant to 28 U.S.C. § 1915(e)(2)(B), and Mr. Islas's motion for miscellaneous relief, dkt. # 21.  The Court has reviewed the complaint, the motion, and the balance of the record.  For the reasons set forth below, the complaint is **DISMISSED WITH PREJUDICE** and the motion for miscellaneous relief is **DENNIED AS MOOT**.

ORDER - 1

## II. FACTUAL BACKGROUND

Mr. Islas is proceeding *pro se* and in *forma pauperis*. The Court understands Mr. Islas's complaint as alleging multiple civil rights and constitutional violations against the Seattle Police Department, Des Moines Police Department, United States Attorney, and two individual defendants. Dkt. # 8. Mr. Islas's allegations include that some or all of the defendants illegally surveilled him; used radio frequency technology, "mk ultra experiment," and long-range acoustic devices (LRAD) on him; publicly disclosed information about Mr. Islas engaging in private sex acts to harm his reputation; misused police databases to look up information about Mr. Islas; and made false reports against him. *Id.*

Mr. Islas also filed a motion for miscellaneous relief. Dkt. # 21. In the motion, he asks for relief including "getting my funds placed on my key bank account" and to "unseal all the cases" with Mr. Islas's name. *Id.*[1]

On August 5, 2025, the Court entered an order to show cause why this matter should not be dismissed for failure to serve defendants. Dkt. # 14. On August 26, 2025, Mr. Islas filed an affidavit of service regarding his attempted service on the United States Attorney. Dkt. # 15. On August 27, 2025, the Court entered a second order explaining deficiencies in Mr. Islas's proof of service and directing him to show cause by September 29, 2025 why the case should not be dismissed for failure to serve defendants. Dkt. # 26.

## III. LEGAL STANDARD

When a person seeks to proceed *in forma pauperis* the Court must review the complaint and dismiss it if it is "frivolous, or malicious; fails to state a claim upon which

---

[1] Mr. Islas's motion for miscellaneous relief, dkt. # 21, and motion for default judgment, dkt. # 18, were sealed by the Clerk's Office because they contain personal financial information. Pursuant to LCR 5.2, the Court will direct the Clerk's Office to make publicly available redacted versions of those filings.

ORDER - 2

relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Courts hold *pro se* plaintiffs to less stringent pleading standards and liberally construe a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When dismissing a complaint under § 1915(e), courts give *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## IV.   DISCUSSION

The Court finds that the allegations in Mr. Islas's complaint are not facially plausible, including, for example, that multiple police departments are using radio frequency technology against him and are taking part in a conspiracy to embarrass and harm him. See Dkt. # 8. Accordingly, Mr. Islas fails to state a claim upon which relief can be granted.  In addition, the Court finds that even under the liberal standard for *pro se* pleadings, the complaint cannot be cured through amendment because it does not contain any set of core facts that could plausibly give rise to liability.  Dismissal of Mr. Islas's complaint is therefore with prejudice and without leave to amend. *See Aine v. Nat'l Sec. Agency*, No. 22-cv-1608, 2023 WL 419238, at *1 (W.D. Wash. Jan. 26, 2023) (dismissing with prejudice under § 1915(e) *pro se* complaint containing "fanciful and unsupported allegations.").

## V. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the complaint **WITH PREJUDICE**. The Court **DENIES AS MOOT** Plaintiff's motion for miscellaneous requests, dkt. # 21. The Court **VACATES** its order to show cause why the Court should not dismiss the matter for failure to properly serve defendants, dkt. # 26.

Dated this 5th day of September, 2025.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge